# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **OSCAR SMITH, et al.,** | ) | <u>**CAPITAL CASE**</u> |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:19-cv-01138** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **TONY PARKER, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiffs' motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 28.) "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

The Court dismissed Plaintiffs' lawsuit on April 13, 2020, on the basis that their Eighth Amendment challenge to Tennessee's primary method of execution was barred by res judicata in light of their failed litigation of the same challenge in state court. Plaintiffs' motion asserts two bases for relief. First, they argue at length that the Court committed a clear error of law by holding that res judicata bars this lawsuit when they did not receive a full and fair hearing on their claim in state court. (Doc. No. 28 at 2–24.) Second, they argue that the Court erred by failing to accept as true their allegations about an Opinion by the Office of Legal Counsel ("OLC Opinion"), which was announced after their state-court litigation ended. The OLC Opinion concluded that the United States Food and Drug Administration is not authorized to regulate the importation of drugs

for use in executions, and Plaintiffs maintain it establishes that pentobarbital is now available to Tennessee for use in executions. (*Id.* at 24–27.)

## I.    FULL AND FAIR HEARING

Plaintiffs' first asserted basis for relief fails for several reasons.  The most straightforward reason is that Plaintiffs never raised that argument before the Court entered judgment, even though the potential application of res judicata to this case was first raised by Defendants within weeks of the filing of the original complaint (Doc. No. 9) and was the primary focus of Defendants' motion to dismiss the amended complaint and Plaintiffs' response to that motion. (Doc. Nos. 18, 22.)  In their response to the motion to dismiss, Plaintiffs argued that their claim had not been fully and fairly litigated in state court because "the legal and factual circumstances" of their claim had changed in the interim. (Doc. No. 22 at 11–12.)  But they never suggested, as they now argue, that the state court's limitations on discovery prevented them from fully and fairly litigating their claim. (*See* Doc. No. 28 at 4–5.)  "[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).  Accordingly, Plaintiffs' new theory is not properly considered at this stage of litigation and cannot support relief under Rule 59(e).

Moreover, Plaintiffs already litigated and lost their argument about the discovery limitations in state court, where they argued on appeal that preventing their discovery of information about state officers' communications with potential pentobarbital suppliers "violated fundamental fairness and due process" and "constituted a 'grave injustice.'" (Doc. No. 28 at 8–9.) The Tennessee Supreme Court rejected that argument, holding that "the trial court properly balanced the propriety of discovery requests with the confidentiality provisions protecting the

2

identity of those involved in executions." *Abdur'Rahman v. Parker*, 558 S.W.3d 606, 617 (Tenn. 2018). Accordingly, the fundamental fairness of the limitations on Plaintiffs' discovery in the state litigation was itself "an issue of . . . law [that was] actually litigated and determined by a valid and final judgment." *See In re Bridgestone/Firestone*, 286 S.W.3d 898, 904 (Tenn. Ct. App. 2008). There is no good reason for this Court to reconsider that issue just because Plaintiffs' "allegations of discovery error are reheated for our consumption." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 39 (1st Cir. 1998) (rejecting argument that a party had not received a full and fair hearing in previous litigation due to "a series of adverse discovery rulings").

And finally, this Court agrees that Plaintiffs were not deprived of a full and fair hearing by the state court's rulings in question. To be entitled to full faith and credit in federal court, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982). "An opportunity to litigate is no less 'full' or 'fair' simply because the forum court enforces conventional limitations on pretrial discovery." *Mass. Sch. of Law at Andover,* 142 F.3d at 39. The United States Court of Appeals for the Sixth Circuit has held that even a total denial of discovery in previous litigation does not constitute a denial of a full and fair hearing where the litigant "failed to identify any undiscovered essential fact relevant to this issue, to show that the denial of its discovery request was unfair, or to show that discovery could have led to a different result in either jurisdiction." *United States v. Sandoz Pharm. Corp.*, 894 F.2d 825, 828 (6th Cir. 1990). The Sixth Circuit has found that discovery limitations similar to those imposed here by the state court were warranted by the need to protect the identities of drug suppliers and others involved in carrying out executions. *In re Ohio Execution Protocol Litig. (Fears v. Kasich)*, 845 F.3d 231, 233 (6th Cir. 2016) (rejecting claim that protective order violated due process).

3

Plaintiffs argue that denying them discovery about state officials' communications with potential pentobarbital suppliers effectively prevented them from establishing the availability of pentobarbital and guaranteed the failure of their Eighth Amendment claim in state court. But to prevail on a claim that a state's method of execution violates the Eighth Amendment, a "plaintiff must: (1) show that the intended method of execution is 'sure or very likely to cause serious illness and needless suffering,' and (2) 'identify an alternative [method] that is feasible, readily implemented, and in fact significantly reduces a substantial risk of severe pain.'" *In re Ohio Execution Protocol Litig. (Henness v. DeWine)*, 946 F.3d 287, 289 (6th Cir. 2019) (quoting *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015)). The second prong of that standard does not require Plaintiffs to prove that Defendants were in communication with potential suppliers or even that Defendants were subjectively aware of a potential supply of pentobarbital. In fact, prisoners are free to rely on an alternative that is not even among the state's authorized options for state officials' consideration. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1128 (2019). The state court's limitations on their discovery prevented Plaintiffs from taking a shortcut to potential proof of availability of their chosen alternative, but it did not prevent them from developing and presenting such proof through their own investigation. That Defendants were permitted to testify in state court about the results of their own investigations does not change that fact. More detailed information about Defendants' investigations might have been helpful to Plaintiffs, but it was not essential to their claim, and there is no reason to believe that their discovery of those details would have led to a different result in the litigation. Accordingly, there is no merit to Plaintiffs' argument that they were denied a full and fair hearing on their claim in state court.

4

## II.    CHANGE EFFECTED BY OLC OPINION

Turning to their argument about the OLC Opinion, Plaintiffs correctly assert that when reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But they forget that the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  And the critical inference Plaintiffs suggest the Court should have made—that the OLC Opinion makes pentobarbital available to Tennessee—is unwarranted and unreasonable, as evidenced by the Sixth Circuit's recent ruling on that very question, in which the court held unequivocally that "[t]he OLC opinion does not shift the regulatory landscape surrounding pentobarbital so considerably as to permit Tennessee to obtain the drug through 'ordinary transactional effort,' as required by *Glossip*." *Sutton v. Parker*, 800 F. App'x 397, 401 (6th Cir. 2020).

## III.    CONCLUSION

Plaintiffs have not established any clear error of law, manifest injustice, or other basis warranting relief under Rule 59(e).  Accordingly, their motion to alter or amend judgment (Doc. No. 28) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5